IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESTHER M. CARABALLO-CECILIO,

   Plaintiff,

        V.                           CIVIL NO. 14-1454 (PAD)

MARINA PDR TALLYMAN LLC,

   Defendant.

**OPINION AND ORDER**

Delgado Hernández, District Judge.

Plaintiff sued her former employer complaining of wrongful discharge under the Puerto Rico Unjust Discharge Act, Law No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29 § 185a et.seq.; and of age discrimination pursuant to Puerto Rico's general antidiscrimination statute, Law No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29 § 146 et. seq. (Docket No. 1 at p. 1; Docket No. 56 at ¶¶ IIA, IIB). Before the court is defendant's "Motion for Reconsideration of Denial of Motion to Dismiss without Considering the Merits of the Same after this Court had Expressly Allowed the Filing" (Docket No. 106), which plaintiff opposed (Docket No. 110). Defendant replied (Docket No. 112). For the reasons explained below, the motion for reconsideration is DENIED.

Defendant's motion refers to the ruling at Docket No. 105, where the court denied under Grajales v. Puerto Rico Ports Authority, 682 F.3d 40 (1st Cir. 2012), a motion to dismiss filed after discovery, following the court's denial of defendant's request for summary judgment (Docket No.

49).[1] Defendant claims reconsideration is in order, pointing out the prior presiding judge had authorized filing of the motion to dismiss (Docket No. 106 at p. 1). Considering the fact that such authorization was given in Docket No. 87, the court refocuses its attention from the phase of the litigation to the merits of the arguments raised in the motion to dismiss. Evaluation of those arguments, however, leads the court to conclude that dismissal is not appropriate. Plaintiff has raised a plausible discrimination claim, and the probationary period incorporated in the employment contract she entered into with defendant may be legally inconsequential as to Law No. 80 and has no effect as to Law No. 100.

## I.     BACKGROUND

Plaintiff was an employee of Marina Puerto del Rey from 2003 until some point in 2013. In December 2012, Marina Puerto del Rey filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (Docket No. 77 at p. 2). As part of that proceeding, it sold to defendant some of its assets. Id. On May 30, 2013, the bankruptcy court confirmed the assets sale free and clear of liens, claims and encumbrances under the authority of Section 363 of the Bankruptcy Code. Id. On May 31, 2013, plaintiff signed an employment and confidentiality agreement with a probationary period clause, becoming an employee of defendant on that date (Docket No. 46-2). On August 19, 2013, defendant terminated plaintiff's employment (Docket No. 1-1, ¶ 5). In April 2014, plaintiff initiated the action. Defendant claims the case should be dismissed under Fed. R. Civ. P. 12(b)(6) (Docket No. 85 at p. 6).

---

[1] As stated in Grajales, "one of the main goals of the plausibility standard is the avoidance of unnecessary discovery." 682 F.3d at 46. That is why, "once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a … motion that asserts a complaint's failure to satisfy the plausibility standard." Id.

## I.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint need only include sufficient facts to make it plausible on its face.  Rodriguez-Vives v. Puerto Rico Firefighters Corps. of Puerto Rico, 743 F.3d 278, 283 (1st Cir. 2014); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 53 (1st Cir. 2013). Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged.  Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). It does not, however, require a plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment.  Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor.  Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief.  Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

## II.    DISCUSSION

Defendant contends the allegations are insufficient to plausibly support a discrimination claim under Law No. 100 as a matter of law (Docket No. 85 at pp. 3-6).  In the main, it relies on Pérez-Rubero v. Namco Cybertainment, Inc., 2012 WL 1029475 (D.P.R. Mar. 26, 2012); Colón v. Infotech Aerospace Services, Inc., 2011 WL 8194853 (D.P.R. Dec. 21, 2011); and Morales-Santiago v. Aramark Cleanroom Services (Puerto Rico), Inc., 2011 WL 4899959 (D.P.R. Oct. 14, 2011) (Docket No. 85 at pp. 4-5).

In Pérez-Rubero, the complaint alleged age discrimination because plaintiff had been replaced by an employee who was less than thirty years of age. In Colón, the complaint asserted discrimination and/or retaliation with no specific allegations and/or factual basis in support of the action. In Morales-Santiago, the complaint alleged sex and national origin discrimination because plaintiff was forced to work from home and a company executive did not want a woman or Puertorrican to have a high position with defendant's organization. In all of those cases, the courts found the allegations insufficient to state a claim. Yet application of the Rule 12(b)(6) decisional matrix here does not lead to the same result.

A plaintiff may demonstrate a discrimination claim under Law No. 100 with circumstantial evidence, through the "just cause" framework set in Article 3 of the statute.[2] At its core, the framework consists of three stages: (1) a *prima facie* case; (2) burden shifting; and (3) ultimate demonstration of discrimination. A complaint need not plead facts sufficient to establish a *prima facie* case, but elements of a *prima facie* case are relevant to the plausibility assessment under Fed. R. Civ. P. 12(b)(6). See, Carrero-Ojeda, 755 F.3d at 718 (so acknowledging). By extension, those elements "are part of the background against which a plausibility determination should be made." Id.

A plaintiff establishes a *prima facie* case of discrimination in conformity with Law No. 100 by demonstrating that: (1) she suffered an adverse employment action; (2) the adverse action lacked just cause; and (3) there exists some basic fact substantiating the type of discrimination alleged to have occurred. See, Rodríguez v. Executive Airlines, ---F.Supp.3d----,

---

[2] Article 3 provides that any of the acts mentioned in Articles 1 and 2 (such as a discharge or layoff) shall be presumed to have been committed in violation of Law No. 100 "whenever the same shall have been performed without just cause." P.R. Laws Ann. tit. 29 § 148. Furthermore, the presumption is of a "controvertible character". Id.

2016 WL 4640362, *3 (D.P.R. March 31, 2016)(setting forth elements of *prima facie* case).³ The *prima facie* case creates a rebuttable presumption of discrimination. See, Menzel v. Western Auto Supply Co., 848 F.2d 327, 331 (1st Cir. 1988)(so holding). See also, Álvarez-Fonseca v. Pepsi Cola, 152 F.3d 17, 28 (1st Cir. 1998)(explaining that presumption of discrimination is triggered under Law No. 100 upon a showing that employer lacked just cause for the discharge or other adverse action taken against the employee).

Once the presumption in established, it shifts to the employer the burden of showing by a preponderance of the evidence that the challenged action was not discriminatory. See, De Arteaga v. Pall Ultrafine Filtration Corp., 862 F.2d 940, 941 (1st Cir. 1988)(describing effect of presumption); Varela-Teron, 257 F.Supp.2d at 464 (same)(citing Ibañez-Benitez v. Molinos de P.R. Inc., 114 D.P.R. 42, 53 (1983)). Should the employer do so, the presumption disappears. At that point, "the burden of persuasion shifts back to the employee to demonstrate that the … [action] was motivated by discrimination." Hoyos v. Telecorp Communications, Inc., 488 F.3d 1, 6 (1st Cir. 2007); Hernández, 151 D.P.R. 754, 775 & n.9 (stating that once presumption disappears, employee may prevail with evidence showing existence of discrimination).

After Álvarez-Fonseca, a number of First Circuit opinions reflect a modified framework of plaintiff's initial burden under Law No. 100. As described in Cardona-Jiménez v. Bancomercio, 174 F.3d 36, 42 (1st Cir. 1999), the employee's initial burden is to (1) demonstrate that she was actually or constructively discharged; and (2) allege that the decision was discriminatory. Citing

---

³ See also, Varela-Teron v. Banco Santander, 257 F.Supp.2d 454, 463, 466 (D.P.R. 2003)(discussing elements of *prima facie* case)(citing Díaz-Fontanez v. Wyndham Hotel, 155 D.P.R. 361 (2001)); Hernández v. Trans Oceanic Life Ins. Co., 151 D.P.R. 754, 775 (2000); and Belk Arce v. Martínez, 146 D.P.R. 215, 230-31 (1998).

Álvarez-Fonseca, 152 F.3d at 28.[4] While the Court in Cardona-Jiménez referred to Law No. 100, it cited the portion of Álvarez-Fonseca referring to Law No. 80. See, Álvarez-Fonseca, 152 F.3d at 28. A sister court in this District so noted, pointing out the citation refers to a *prima facie* case under Law No. 80, not Law No. 100. See, Varela-Teron, 257 F.Supp.2d at 464 (so noting).[5]

Not all post-Álvarez First Circuit cases, however, have adopted the Cardona reading of Álvarez-Fonseca. In Ramos v. Davis & Geck, Inc., 167 F.3d 727 (1st Cir. 1999), the First Circuit stated that under Law No. 100, "once the employee triggers the act's protections by showing that his discharge, constructive or otherwise, was not justified, the employee enjoys a presumption that he or she has been the victim of discrimination and the burdens of both production and persuasion shift to the employer." Id. at 734 (citing Álvarez-Fonseca, 152 F.3d at 27).[6] See also, Rodríguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52, 62 (1st Cir. 2005)(validating jury instruction to the effect that for burden of proof in Law No. 100 claim to shift to employer, plaintiff had to prove that: she was in a protected class, was fired, and the termination was unjustified); Menzel, 848 F.2d at 331 (holding that "[i]f plaintiff fails to show that there was no just cause, the presumption of discrimination is not activated").

---

[4] See also, Hoyos, 488 F.3d at 6 (stating that employee alleging violation of Law 100 has the initial burden to establish prima facie case of discrimination by (1) demonstrating that he was actually or constructively discharged, and (2) alleging that the decision was discriminatory).

[5] An employee's initial burden under Law No. 80 is to allege unjustified dismissal and prove actual dismissal. Upon this allegation, the burden of proof shifts to the employer, who must establish, by a preponderance of the evidence, that the discharge was justified. Álvarez-Fonseca, 152 F.3d at 28.

[6] All in all, this reading seems more consistent with the Supreme Court of Puerto Rico's description of plaintiff's initial burden under Law No. 100 as formulated in Díaz-Fontanez, 155 D.P.R. at 389 (noting the statutory presumption facilitates plaintiff's evidentiary burden if plaintiff establishes the basic elements triggering the presumption, in other words, that she was discharged without just cause and the discharge falls within the scope of the type of discrimination claimed), and in Hernández, 151 D.P.R. at 754, 775 (2000)(holding that employee shall begin presenting evidence showing a discharge or adverse action; absence of just cause; and some basic fact placing it within the modality of discrimination claimed). See, Varela-Teron, 257 F.Supp.2d at 464 (recognizing consistency between the Ramos reading of Álvarez-Fonseca and the Puerto Rico Supreme Court's description of a plaintiff's initial burden under Law No. 100).

As relevant to the issue defendant has raised, for pleading purposes plaintiff satisfies both of the stated formulations of Law No. 100.[7] To this end, she alleges that: defendant terminated her employment in August 2013; the dismissal was without just cause and because of her age; as of the filing of the complaint in April 2014, she was 53 years of age; Mr. Rolando Rodríguez – defendant's operations manager– discriminated against her because of her age, bringing the subject of plaintiff's age in front of all the other employees and in a press release, and exulting the virtues of certain employee's youth who were standing at either side of plaintiff to attack her directly (Docket No. 1-1 at pp. 1, 2). Moreover, she states defendant never gave her any written warnings or admonished her for not fulfilling her duties; and replaced her with a much younger employee who had no knowledge or preparation in the field (Docket No. 56 at p. 5). The cumulative effect of the allegations make out a plausible claim for relief under Law No. 100.[8]

Defendant counters that because plaintiff's employment terminated during a probationary period established in conformity with Law No. 80, it is not liable here (Docket No. 85 at p. 2; Docket No. 106 at p. 8). An employee who is terminated during a probationary period has no right to Law No. 80 benefits. P.R. Laws Ann. tit. 29 § 185h.[9] Several requirements must be complied

---

[7] Courts distinguish between allegations and proof in administering the shifting-burden framework of Law No. 100. See, Varela Teron, 257 F.Supp.2d at 466 (so distinguishing); Díaz-Fontanez, 155 D.P.R. at 384 (noting that presumption comes into play during the evidentiary phase of the case, not before); Hernández, 151 D.P.R. at 775-776 & n.10 (describing pleading and evidentiary aspects of Article 3 framework).

[8] The complaint does not identify Mr. Rodríguez' title or make reference to warnings, admonishments or plaintiff's replacement, nor expressly state that Rodríguez discriminated against plaintiff because of her age. The Joint Pretrial Conference Report, however, does so. See, Docket No. 56 at pp. 4-6. When ruling on a Rule 12(b)(6) motion to dismiss the court may consider matters of public record and other matters susceptible of judicial notice. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008). Hence, the court may take judicial notice of its own docket under Fed.R. Evid. 201. See, In re Hotel Airport, 2014 WL 4661943, *14-15 (Bankr. D.P.R. Feb. 18, 2014)(taking judicial notice of allegations).

[9] Under Law No. 80, employees hired for undefined term who are discharged without just cause are entitled to payment of a monetary indemnity. P.R. Laws Ann. tit. 29 § 185a.

with to establish a valid probationary period.[10] Failure to comply with all of the requirements renders the period null and void. P.R. Laws Ann. tit. 29 § 185(h).[11] In that regard, plaintiff signed an employment contract with a probationary period clause. The contract complies with the requirements set to establish a bona fide probationary period. And she was discharged prior to lapse of the probationary period. But notwithstanding the apparent validity of the probationary period, two elements militate against defendant's position, to wit: (1) defendant may qualify as an acquirer of an ongoing business; and (2) probationary period contracts do not protect employers from discrimination claims.

First, the "Revised Guidelines for the Interpretation and Application of Law No. 80 of May 30, 1976, as Amended" (2000), enacted by the Puerto Rico Department of Labor and Human Resources, specify that where an ongoing business is transferred, the acquirer may not require the seller's employees it chooses to employ, to undergo a probationary period within the purview of Law No. 80 unless they were subject to such a period as of the date the business was acquired. Id. at p. 47.[12] The court assumes –as it did at Docket No. 115– that defendant is a purchaser of an ongoing business.[13] Without evidence that plaintiff was under a bona fide probationary period

---

[10] To that end, the corresponding contract must: (1) be in writing; (2) be for a fixed period not to exceed the first ninety days of employment unless written authorization from the Secretary of Labor and Human Resources has been obtained prior to lapse of the ninety-day period to extend the period for up to a maximum of six months; (3) state the specific date on which the probationary period commences and the precise date on which it ends; (4) indicate the date it is signed; and (5) be signed by the employee and the employer prior to the employee's performance of any services. See, P.R. Laws Ann. tit. 29 § 185(h)(setting forth requirements for bona fide probationary period), and Probationary Period Contract Regulation of September 16, 1999 (Regulation No. 6019)(same).

[11] For a discussion of different aspects of probationary periods under Law No. 80, see, J.L. Capó-Matos, in M.J. Caterine (ed.), *Employment at Will: A State-by-State Survey*-Puerto Rico Chapter (2011), pp. 894-896.

[12] The 2000 revision was in effect when defendant acquired the business, and plaintiff was hired and dismissed in 2013. A new revision became effective in 2014. Nonetheless, it did not modify the previous revision's position regarding probationary period contracts in the context of ongoing business transfers. See, Revised Guidelines for the Interpretation and Application of Law No. 80 of May 30, 1976, as amended (June 30, 2014) at p. 63 (Docket No. 95, Exh. 1 at p. 4).

[13] Otherwise, the probationary-period limitation would not apply. See, Alvarado-Rivera v. Oriental Bank and Trust, 914 F.Supp.2d 198, 203-205 (D.P.R.2012)(dismissing action where purchaser did not continue the prior bank's business operations for purposes of Article 6; employees hired under probationary period contracts were terminated during the probationary period; and the

when the business was acquired, the probationary period included in the employment contract she signed would be legally inconsequential.

Second, the effect of the statutory probationary period is limited to Law No. 80. It does not extend to other labor protective legislation. See J.L. Capó-Matos, supra at p. 895 (so noting). If the discharge is found to have infringed that legislation, the exemption from Law No. 80 remedies is irrelevant. Id.; see also, Rivera Aguila v. K-Mart, 123 D.P.R. 599, 611-614 (1989) (employer held liable under local pregnancy antidiscrimination statute; plaintiff was found to have been unjustly discharged even though the discharge occurred during probationary period).

### III.   CONCLUSION

Defendant may not rely on the probationary period included in plaintiff's employment contract to preclude liability. If it were an acquirer of an ongoing business, it could not validly rely on that period to defeat the Law No. 80 action.[14] And because the statutory probationary period does not operate to shield employers from discrimination claims under Puerto Rico law, it lacks legal effect under Law No. 100. Therefore, defendant is not entitled to what it has requested. On that basis, its motion for reconsideration is DENIED.

---

employee hired under a temporary agreement was terminated at the conclusion of the term); Espinosa-Cabrera v. Mass Services Corporation 95 DTA 304, 1190, 1191-1192 (P.R. Court of Appeals September 30, 1995)(holding that because assets were sold but not acquired and operated as an ongoing business, purchaser could validly place former employee of seller on probationary period under Law No. 80). The court will determine if an ongoing business transfer occurred after evaluating the evidence to be presented during trial.

[14] The parties did not brief the question whether the purchaser's inability to rely on a bona fide probationary period under Law No. 80 in the case of former employees of the seller should be considered an interest within the scope of Section 363(f) of the Bankruptcy Code, 11 U.S.C. § 363(f). For the same reason, the court expresses no view on the matter. For an analysis of the effect of Section 363(f) and the bankruptcy court's Sale Confirmation Order upon a related Law No. 80 provision, see ruling at Docket No. 115.

**SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of October, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
