IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESTHER M. CARABALLO-CECILIO,

   Plaintiff,

   v.                                       CIVIL NO.: 14-1454 (PAD)

MARINA PDR TALLYMAN LLC,

   Defendant.

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendant's motion for reconsideration of a denial of a motion for reconsideration (Docket No. 118), which plaintiff opposed (Docket No. 121). Defendant replied (Docket No. 126) and plaintiff surreplied (Docket No. 128). The procedural background is more fully described at Docket Nos. 77, 115 and 116. For the reasons explained below, defendant's request is DENIED.

Defendant alleges that it is entitled to dismissal of plaintiff claim under Law No. 80 of May 30, 1976, because when it terminated plaintiff's employment she was subject to a *bona fide* probationary period (Docket No. 118 at pp. 2, 7, 14).[1] Applying the standard applicable to motions to dismiss, the court concluded that notwithstanding the apparent validity of the probationary period entered into here, defendant may qualify as an acquirer of an ongoing business (Docket No. 116 at p. 8). If so – an issue as to which the court reserved judgment for trial –defendant could not rely on the statutory probationary provision, for according to the Revised Guidelines for the

---

[1] A "*bona fide* probationary period" is a probationary period established in compliance with the requirements of Law No. 80.

Esther M. Caraballo-Cecilio v. Marina PDR Tallyman LLC
Civil No. 14-1454 (PAD)
Memorandum and Order
Page 2

Interpretation and Application of Law No. 80 ("Revised Guidelines"),[2] the acquirer of an ongoing business may not require the seller's employees it chooses to employ to undergo a *bona fide* probationary period, unless they were subject to such a period as of the date the business was acquired. Id. Without evidence to that effect – evidence that would have to be presented at trial– the probationary period would be legally inconsequential.

Defendant takes issue with this conclusion. Along that line, it argues that because it acquired the business as part of a bankruptcy proceeding resulting from the seller's filing of a petition for relief under Chapter 11 of the Bankruptcy Code, the conclusion is contrary to Section 363(f) of the Bankruptcy Code and the Bankruptcy Court's Order Confirming Plan (Docket No. 118 at p. 9). The argument does not support defendant's request.

First, defendant did not so argue in moving to dismiss for failure to state a claim or for reconsideration of the ruling denying the motion to dismiss.[3] The argument was available to that party when it moved to dismiss and for reconsideration of the ruling denying dismissal. Yet defendant failed to proffer any reason for not having raised it earlier. As such, the argument is deemed waived at this stage.[4] A motion for reconsideration does not provide a vehicle to a party to undo its own procedural failures, and it certainly does not allow a party to advance arguments that could and should have been presented earlier to the court.[5]

---

[2] The Revised Guidelines were enacted by the Puerto Rico Department of Labor and Human Resources.

[3] As the court expressly noted in the Opinion and Order at Docket No. 116, the parties did not brief the question whether the purchaser's inability to rely on a *bona fide* probationary period under Law No. 80 in the case of former employees of the seller, should be considered an interest within the scope of Section 363(f) of the Bankruptcy Code. Id. at p. 9 n.14.

[4] See, Rocafort v. IBM Corp., 334 F.3d 115, 122 (1st Cir. 2003)(passing reference to legal phrases and case citation without developed argument is not sufficient to defeat waiver).

[5] See, Fábrica de Muebles v. Inversiones Mendoza, 682 F.3d 26, 31 (1st Cir. 2012)(describing reconsideration motion in the context of a post-judgment reconsideration request).

Second, even if the argument had not been waived, it would not support the result defendant advocates for. As explained in the Opinion and Order, *bona fide* probationary periods must comply with various requirements. See, Docket No. 116 at p. 8 (enumerating requirements). One of those requirements is that the corresponding contract be signed by the employee and employer prior to the employee's performance of any services for the employer. Id.

Plaintiff has brought to the court's attention that she started performing work for the defendant before subscribing the probationary period contract, having signed the contract almost a week later (Docket No. 121 at p. 2).[6] If that were the case –contrary to what defendant asserts– no *bona fide* probationary period contract was in place when plaintiff was let go in August 2013. Failure to comply with any of the requirements renders the probationary period agreement null and void. See, P.R. Laws Ann. tit. 29 § 185h (prescribing penalty for noncompliance with the requirements).[7] And thus, defendant could not invoke the *bona fide* probationary period provisions

---

[6] As support, she submitted copy of three pages of her deposition explaining when she signed the contract (Docket No. 125-1). Defendant states this is the first time that plaintiff alleges that her probationary period is null and void because it was not signed on the date stated and because she signed the employment agreement after having performed services for the defendant (Docket No. 126 at p. 2). The court notes from Docket No. 125-1 at p. 1, that defendant deposed plaintiff on March 26, 2015, before defendant moved for reconsideration of the Order denying defendant's motion to dismiss. Likewise, plaintiff included the argument as part of the Joint Updated Pretrial Conference Report presented on November 14, 2016. See, Docket No. 120 at p. 11.

[7] See also, Santiago-Ramos v. Centennial, 217 F.3d 46, 59 (1st Cir. 2000)(probationary period contract stating that it was for 90 days considered invalid, where the specific starting and ending dates amounted to 92 days instead of the required 90 days).

of Law No. 80 to preclude liability under the statute. As it stands, the issue must be determined at trial.[8] Consequently, defendant's motion for reconsideration at Docket No. 118 is DENIED.[9]

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of December, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[8] In the Opinion and Order at Docket No. 116, the court stated that (1) plaintiff signed an employment contract with a probationary period clause, and (2) the contract complies with the requirements set to establish a *bona fide* probationary period. Id. at p. 8. The statement was made as background. It was not essential to the ruling as part of which the statement was made, and should not be construed as an adjudication of the issue that plaintiff has raised here. In the end, the court clarified that notwithstanding the apparent validity of the probationary period, defendant was not entitled to dismissal of the Law No. 80 claim on account of the construction of the Law No. 80 probationary period provisions set in the Revised Guidelines. Id. at pp. 8-9. Similarly, at Docket No. 77, the court stated that on May 31, 2013, plaintiff "executed an employment and confidentiality agreement … [stating] that her employment … was subject to a ninety-day probationary period. Id. at p. 3. The statement served as background to the court's evaluation of whether plaintiff's "damages" should be limited to the time period during which she worked for defendant rather than an adjudication of when the employment agreement was signed. At Docket No. 115, the court repeated, with the same purpose and effect, that on May 31, 2013, plaintiff signed an employment agreement. Id. at p. 2. Therefore, in the court's view the statements should not be taken as a factual finding of when plaintiff signed the employment agreement. See, Iacobucci v. Boulder, 193 F.3d 14, 19 (1st Cir. 1999)(recognizing that ordinarily a trial court is the best expositor of its own orders). Fact-finding will be made after evaluating the evidence to be presented during trial.

[9] Defendant claims the court's ruling denying reconsideration "reversed some of the rulings of then presiding Judge José A. Fusté who had previously concluded that Plaintiff's employment with her former employer was terminated as of the date of the bankruptcy sale, and that she was a new hire of the Defendant" (Docket No. 118 at p. 2). Nowhere does that alleged reversal appear in the ruling defendant challenges, or anywhere else for that matter.